In re **GREAT WESTERN CITIES, INC. OF NEW MEXICO,** Great Western United Corp., Great Western Cities, Inc., and Colorado City Development Co.

**Jean ADAIR, et al., Plaintiffs–Appellants,**

**v.**

**Molly BARTHOLOW, Trustee, Defendant–Appellee.**

**Civ. A. Nos. CA3–88–2511–D, CA3–89–0811–D.**
**Bankruptcy Nos. 384–30198–A–7, 384–30199–A–7, 384–30200–A–7, and 384–30201–A–7.**

United States District Court, N.D. Texas, Dallas Division.

Nov. 9, 1989.

neys' fees and are granted broad discretion in so doing. *See Matter of Lawler,* 807 F.2d 1207 (5th Cir.1987).

Patrick R. Cowlishaw and Mark R. Steiner, argued, of Cohan, Simpson, Cowlishaw, Aranza & Wulff, Dallas, Tex., Maureen A. Mosh, argued, and Matthew Gensburg of Sachnoff & Weaver, Ltd., and Russell Woody of Cotton Watt Jones & King, Chicago, Ill., for plaintiffs-appellants.

Thomas A. Connop, argued, Wayne M. Marshall, and Jane S. Nahra of Locke Purnell Rain Harrell, Dallas, Tex., for defendant-appellee.

FITZWATER, District Judge:

These consolidated bankruptcy appeals present questions concerning the proper filing of proofs of claim.

I

Plaintiffs-appellants are approximately 2,500 individuals who are plaintiffs in civil actions pending in the United States District Court for the Northern District of Illinois.[1] In 1984 four of the defendants in the Illinois proceedings—Great Western United Corporation, Great Western Cities, Inc., Great Western Cities, Inc. of New Mexico, and Colorado City Development Co. (collectively "debtors")—filed voluntary chapter 7 petitions in the bankruptcy court for this district. Defendant-appellee Molly W. Bartholow ("Trustee") was appointed trustee for the debtors.

Plaintiffs are represented in the Illinois cases by two law firms, Sachnoff & Weaver, Ltd. ("Sachnoff") and Cotton Watt Jones & King ("Cotton"). Plaintiffs allege they executed retainer agreements with one of the two firms pursuant to which the firms possess blanket authority to prosecute on their behalf all claims against the debtors and other defendants arising from the facts that form the basis for the Illinois litigation.

When the debtors filed chapter 7 petitions in the Northern District of Texas, the Sachnoff and Cotton law firms engaged the Dallas office of Wald, Harkrader & Ross ("Wald") to act as local counsel for plaintiffs in connection with the bankruptcies.[2] Wald filed on plaintiffs' behalf a motion and amended motion for relief from the automatic stay in order lawfully to pursue the Illinois litigation.[3] Acting as plaintiffs' alleged agent, Wald also filed nine proofs of claim against the debtors. Attached to each proof of claim was a copy of the complaint filed in the relevant Illinois case and a list of all the plaintiffs in the case. The proofs of claim did not state a dollar amount for each individual's claim. Neither was there attached a power of attorney or other writing authorizing Wald to act on behalf of the plaintiffs. The Trustee objected to the proofs of claim.

The bankruptcy court declined to lift the stay, concluding the attorneys for plaintiffs were required "to show evidence that they are authorized agents to file the claims." 88 B.R. at 111. The court also held "class" proofs of claim to be impermissible in a bankruptcy proceeding. The Trustee thereafter moved for summary judgment on her objections[4] to plaintiffs' proofs of claim. Plaintiffs argued summary judgment was inappropriate because there was a material issue of fact regarding Wald's

---

1. *Adair v. Hunt Int'l. Resources Corp.*, No. 79 C 4206; *Aaland v. Hunt Int'l. Resources Corp.*, No. 80 C 5317; and *Kaliski v. Hunt Int'l. Resources Corp.*, No. 80 C 2329.

2. Wald closed its Dallas office on July 1, 1986. Nine former lawyers of the firm created a new firm: Cohan, Simpson, Cowlishaw, Aranza & Wulff. The new firm continues to represent appellants in connection with the bankruptcies and in the present appeals. For clarity the court uses the term "Wald" to refer to this firm.

3. Plaintiffs also filed a second amended motion for relief from stay when they determined the partial lifting they had requested would be inadequate to proceed to trial in the Illinois litigation.

4. The Trustee objected on the grounds that the proofs of claim: (1) were vague in their identification of the individual claimants; (2) were not executed by any of the claimants; (3) contained no evidence of the authority of Wald to act as agent for the claimants; and (4) failed to specify the amount claimed by any single claimant.

authority to file the documents. The bankruptcy court granted summary judgment. These appeals followed.[5]

## II

Plaintiffs seek to reverse the order of the bankruptcy court refusing to grant their lift stay motions and the judgment granting summary judgment in favor of the Trustee. Plaintiffs argue the proofs of claim were properly filed by Wald on behalf of all the plaintiffs and were permissibly filed as group claims.[6]

### A

The court considers first whether the proofs of claim were invalid because they were filed on behalf of several individuals.

In denying plaintiffs' motions to lift stay, the bankruptcy court held that *class* proofs of claim are not proper in a bankruptcy proceeding. Plaintiffs contend the bankruptcy court erred because their proofs of claim were not filed as *class* claims but instead as *group* claims on behalf of named individuals. The Trustee responds that because the Wald law firm filed proofs of claim on behalf of large numbers of individuals, it "robed itself in the cloak of a class representative for [plaintiffs]" and therefore the documents fall within the ambit of class claims. The court disagrees with the interpretation ascribed to class claims by the court below and the Trustee.

Fed.R.Civ.P. 23 is applicable to bankruptcy adversary proceedings by virtue of Rule 7023.[7] Fed.R.Civ.P. 23 makes plain that a class action is maintained by representative parties on behalf of a defined class. The members of the class are not expressly designated as parties; their representatives are the named plaintiffs and they must meet certain criteria and comply with specified obligations to act as class representatives.

A group claim, on the other hand, is similar in all pertinent respects to a district court civil action in which there are numerous named plaintiffs represented by a single law firm. Each plaintiff may have identical or similar causes of action resulting in varying amounts of alleged damages. So long as the plaintiffs are properly joined as parties, *see* Fed.R.Civ.P. 20(a), they may prosecute their action as a group. They are in no sense a "class" within the meaning of Fed.R.Civ.P. 23.

■ The Wald law firm purported in the instant case to file proofs of claim on behalf of nine groups of persons that together constitute the approximately 2,500 plaintiffs in the Illinois litigation. Each plaintiff on whose behalf a proof of claim was filed is identified in that proof of claim by name and the person's address is shown.[8] No plaintiff or group of plaintiffs purports to act as the representative of a class of similarly situated, but unnamed plaintiffs. The bankruptcy court therefore erred when it viewed the proofs of claim as class claims.[9]

---

**5.** The appeal taken from the denial of the motions to lift stay was docketed as No. CA3–88–2511–D. This appeal was stayed pending a final ruling by the bankruptcy court on the motion for summary judgment. The appeal taken from the summary judgment ruling was docketed as No. CA3–89–0811–G. This appeal was consolidated with No. CA3–88–2511–D. The parties have combined and limited the record on appeal and have followed a single briefing process with respect to both appeals.

**6.** Plaintiffs also aver that they should have been permitted to amend the proofs of claim if the documents were in fact initially deficient. The court need not decide this question.

**7.** All rule references are to the Federal Rules of Bankruptcy Procedure unless otherwise noted.

**8.** Certain names on the proofs of claim are stricken through. The bankruptcy court retains the authority, of course, to reject the claims of persons not clearly designated as creditors.

**9.** The bankruptcy court relied on a number of prior decisions in concluding that class proofs of claim are impermissible. *See, e.g., In re Standard Metals Corp.,* 817 F.2d 625, *vacated in part on rehearing sub nom. Sheftelman v. Standard Metals Corp.,* 839 F.2d 1383 (10th Cir. 1987), *cert. dismissed,* —— U.S. ——, 109 S.Ct. 201, 102 L.Ed.2d 171 (1988); *In re Manville Forest Prods. Corp.,* 89 B.R. 358 (Bankr.S.D.N.Y. 1988), *aff'd,* 99 B.R. 543 (S.D.N.Y.1989); *In re Baldwin–United Corp.,* 52 B.R. 146 (Bankr.S.D. Ohio 1985). This court need not, in view of its holding that plaintiffs' claims are group claims, decide whether the bankruptcy court properly relied on these decisions. The court observes,

Having decided that the proofs of claim in question are group claims, the court now determines whether such claims are procedurally permissible under the Bankruptcy Code and Rules. 11 U.S.C. § 501[10] provides that a proof of claim may be filed by a "creditor or indenture trustee."[11] Section 501 is complemented by Rule 3001, which is the "definitive authority" concerning the contents of a proof of claim. 8 Collier on Bankruptcy ¶ 3001.03 (15th ed. 1989). Rule 3001(b) provides that a "proof of claim shall be executed by the creditor or creditor's authorized agent except as provided in Rules 3004 and 3005."[12] Neither section 501 nor Rule 3001 prohibits an agent with authority from filing claims on behalf of a large group of individuals. The court finds no support for the absurd practice that would flow from a contrary rule, pursuant to which the bankruptcy court and clerk would be inundated by 2,500 separate proofs of claim rather than one or more documents that expressly identify each creditor. The Trustee has offered no plausible rationale for insisting on such a requirement.

### B

Having concluded the claims should not have been excluded because they were filed in the form of group claims, the court next considers whether appellants were required to present evidence of Wald's authority to act on their behalf before the proofs of claim could be filed.

Plaintiffs contend Rule 3001(b) does not require that an agent supply documentary evidence to establish authority to file a proof of claim, particularly when the agent is purporting to act as a creditor's attorney. Rule 9010(a) authorizes a creditor to appear in a bankruptcy case by an attorney authorized to practice in the court. Rule 9010(c) expressly provides that the authority of an attorney to represent a creditor in the execution and filing of a proof of claim need not be evidenced by a power of attorney. These provisions are explained as tracking the general rule that an "attorney at law is presumed to be duly authorized to appear in court and act for any party whom the attorney claims to represent and, in the absence of countervailing evidence or statutory prohibition, that presumption is conclusive." *See* 9 Collier on Bankruptcy ¶ 9010.3[1] (citing *In re Gasser*, 104 F. 537, 538 (8th Cir.1900)); *see also Terrain Enter., Inc. v. Western Casualty and Sur. Co.*, 774 F.2d 1320, 1322 (5th Cir.1985) (applying Mississippi law) (burden of showing attorney had no authority to act is upon party denying authority), *cert. denied*, 475 U.S. 1121, 106 S.Ct. 1639, 90 L.Ed.2d 184 (1986); *Dorey v. Dorey*, 609 F.2d 1128, 1131 n. 5 (5th Cir.1980) (presumption of

however, that more recent opinions reach a contrary result. *See Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir.1989) (filing a class proof of claim permissible); *In re Charter Co.*, 876 F.2d 866 (11th Cir.) (same), *petition for cert. filed sub nom. Charter Co. v. Certified Class in Charter Securities Litigation*, 58 U.S.L.W. 3291, (U.S. Oct. 10, 1989) (No. 89–579); *In re American Reserve Corp.*, 840 F.2d 487 (7th Cir.1988) (same).

10. Section 501:
    (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
    (b) If a creditor does not timely file proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
    (c) If a creditor does not timely file proof of such creditor's claim, the debtor or trustee may file a proof of such claim.

    (d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h), or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.

11. A creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(9)(A) (Supp.1989). An individual is an "entity" for purposes of the Bankruptcy Code. *See* 11 U.S.C. § 101(14) (Supp. 1989).

12. Rules 3004 and 3005 allow filing of claims on behalf of creditors by the debtor or trustee, a guarantor, surety, endorser, or other co-obligor. The parties agree Rules 3004 and 3005 are inapplicable to the present case.

authority of attorney arises from mere fact of appearance); *In re Scott*, 82 B.R. 760, 762 (Bankr.E.D.Pa.1988) (appearance of attorney in federal court creates presumption of authority).

The Trustee attempts to distinguish Rule 9010 on the ground that it applies only where proof of agency *must* be established by a power of attorney. She does not read Rule 9010 to eliminate proof of agency in filing a proof of claim. The Trustee's position finds no support, however, in the bankruptcy rules.

Rule 9010(a) [13] establishes the authority of a creditor to act on his own behalf or by an authorized attorney. Rule 9010(b) [14] sets forth notice of appearance requirements. Rule 9010(c) [15] expressly provides that the authority of any agent or attorney to represent a creditor for any purpose other than the execution and filing of a proof of claim shall be evidenced by a power of attorney. Excluding the execution and filing of a proof of claim from transactions requiring strict proof of agency is significant. While Rule 9010(c) does not definitively settle the question whether proof of agency is required under Rule 3001, it does make clear that Rule 3001 is the sole source for such a requirement if it exists. [16]

The parties agree that the text of Rule 3001(b) does not require proof of agency. The advisory committee notes provide no guidance on the question. Paragraph 1 of Official Form 19 requires designation of who is filing the claim and by what authority, but does not specify that an attorney must prove authority to act on behalf of the client. [17] The Form itself requires no evidence of authority. 8 Collier on Bankruptcy ¶ 3001.03[4].

■ The court concludes Rule 3001(b) does not require an attorney acting as agent for a group of creditors to produce proof of agency until evidence controverting the agency has been presented. *See id.* Rule 3001(b) contains no such requirement. Requiring proof of agency in this context contravenes the policy expressed in Rule 9010 that attorneys may act on behalf of creditors in filing proofs of claim and are presumed to be authorized to act on behalf of creditors they purport to represent.

The court therefore holds that creditors are not required to present independent proof of their representative's authority until the Trustee adduces evidence calling that authority into question. The Trustee's proof must constitute more than an unsupported assertion that agency does not exist. It must be evidence which, if found credible, would establish lack of authority. If

**13.** Rule 9010(a):

> A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

**14.** Rule 9010(b):

> An attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address and telephone number, unless the attorney's appearance is otherwise noted in the record.

**15.** Rule 9010(c):

> The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to Official Form No. 17 or Official Form No. 18. The

> execution of any such power of attorney shall be acknowledged before one of the officers enumerated in 28 U.S.C. § 459, § 953, Rule 9012, or a person authorized to administer oaths under the laws of the state where the oath is administered.

**16.** The Trustee contends Rule 2019, at least by implication, provides support for requiring proof of agency. The court disagrees. Rule 2019 requires agents to file a verified statement explaining the circumstances of their agency. The Rule is, in terms, limited to chapter 9 and chapter 11 proceedings. While many of the concerns relevant to application of Rule 2019 exist in the context of group representation in a chapter 7 proceeding, the statutory language mandates that the Rule does not apply in such a proceeding. This court declines to alter the express terms of the Rule.

**17.** The Trustee does not contend Official Form 19 provides an independent requirement of proof of agency, nor does she aver the proofs of claim are deficient because they fail to comply with the Form's requirements.

sufficient controverting evidence is presented, the burden then shifts to a creditor to prove his representative's authority by a preponderance of the evidence. *See In re Fidelity Holding Co., Ltd.*, 837 F.2d 696, 698 (5th Cir.1988). Because the bankruptcy court did not follow this proof regimen in deciding the lift stay motions, its denial of the motions must be vacated for further proceedings.

### C

Plaintiffs also challenge the bankruptcy court's denial of their claims in response to the Trustee's motion for summary judgment.

In its order granting summary judgment, the bankruptcy court held that no genuine issue of material fact existed regarding the validity of the proofs of claim filed by Wald on behalf of plaintiffs. The bankruptcy court did not express the basis for its decision. Nevertheless, considered in conjunction with the earlier denial of plaintiffs' motions to lift stay, it is clear the summary judgment rests on two grounds: first, that the proofs of claim were impermissibly filed as class claims; and second, that Wald did not prove its authority to file the proofs of claim on behalf of the plaintiffs. This court has determined above that the proofs of claim were not filed as class claims, but instead as permissible group claims. The summary judgment cannot stand on the first ground. The question presented with respect to the second ground is whether the summary judgment record established that Wald lacked authority to file proofs of claim on plaintiffs' behalf.

Under the court's ruling above, no proof of agency was required unless the Trustee properly controverted Wald's authority. The Trustee appears to have presented no summary judgment evidence of her own to challenge Wald's authority, relying instead upon the unsupported assertion that agency did not exist. The bankruptcy court therefore erred in placing on the plaintiffs the initial burden of proving their representative's authority.

Even if the Trustee had presented evidence sufficient to shift the burden, plaintiffs produced enough proof to preclude summary judgment. In response to the Trustee's motion, plaintiffs adduced the affidavits of attorneys from each of the three law firms representing the plaintiffs. The affidavits aver that plaintiffs signed a retainer agreement giving Cotton and Sachnoff authority to represent them in actions arising from the transactions that form the basis for the Illinois litigation. A portion of the retainer agreement is produced in plaintiff's summary judgment response, and plaintiffs offered on more than one occasion to produce the entire agreement for the bankruptcy judge's *in camera* inspection. The bankruptcy court declined to examine the agreement, apparently relying on its earlier assertion that "the authorization to press the Illinois suit is not relevant to the issue in this case." The bankruptcy court found it "very well settled that authorization to act as agent for one purpose is not blanket authorization to represent for all purposes."

This court concludes the portion of the retainer agreement and the affidavits relied upon by plaintiffs' lawyers present a genuine issue of material fact regarding Wald's authority to act on plaintiffs' behalf in filing the proofs of claim. The bankruptcy court's grant of summary judgment must therefore be reversed. On remand the bankruptcy court must presume Wald's authority to file the proofs of claim on plaintiffs' behalf. If the Trustee produces evidence sufficient to controvert Wald's authority, the burden will shift to plaintiffs to prove agency by a preponderance of the evidence.[18]

The order of the bankruptcy court denying the lift stay motions is vacated, the summary judgment in favor of the Trustee

---

**18.** The bankruptcy court need not, of course, await litigating the merits of the proofs of claim before reaching the agency question. The discretion vested by Fed.R.Civ.P. 42(b) to conduct separate trials is made applicable to adversary proceedings by Rule 7042. Where a representative's authority to proceed may be dispositive, the bankruptcy court may reach the question as a threshold matter.

**122**

is reversed, and these proceedings are remanded to the bankruptcy court.

VACATED in part, REVERSED in part, and REMANDED.