**In re Tom LIVADITIS a/k/a Anthanasios Livaditis, Tom D'Or, Tom Livaditis D'Or, Debtor.**

**Bankruptcy No. 90 B 08724.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Dec. 21, 1990.

David W. Criswell, Rudnick & Wolfe, Chicago, Il., for debtor.

Mark E. Leipold, Robins, Kaplan, Miller & Ciresi, Alan A. Alop, Legal Assistance Foundation of Chicago, Chicago, Il., for claimants.

## MEMORANDUM OPINION ON CLASS PLAINTIFFS' MOTION TO CERTIFY CLASS AND FOR AUTHORIZATION TO FILE CLASS PROOF OF CLAIM

JACK B. SCHMETTERER, Bankruptcy Judge.

Class Plaintiffs consist of twelve persons who obtained certification of a class in their action against Debtor Tom Livaditis ("Debtor") in the District Court for the Northern District of Illinois (the "District Court"). Class Plaintiffs have now moved for certification of the same class in this bankruptcy case pursuant to Fed.R.Civ.P. 23 ("Rule 23") and Bankruptcy Rules 7023 and 9014. They seek authorization to file a class proof of claim on behalf of all members of the Class, and also leave to file an Adversary complaint to bar dischargeability of the debt owed by Debtor to the Class. Following hearing held October 10, 1990, and having considered the matters presented thereat and the pleadings, for reasons

stated below the Motion to certify the class for purposes of filing a class proof of claim is allowed. The Motion to file a class proof of claim is also granted. Should Class Plaintiffs file their Adversary Complaint, the Court will then upon proper application address the issue of whether a class may be certified for purposes of maintaining the Adversary proceeding as a class action. Until then, that part of their motion seeking approval of such an Adversary class action is stricken as premature.

## UNDISPUTED FACTS

Debtor was principal owner and operator of the D'Or School of Cosmetology, Inc. and D'Or Beauty College, Inc. (collectively the "schools"). On February 11, 1987, twelve named plaintiffs brought an action against Debtor and those schools (collectively the "Defendants") individually and on behalf of all others similarly situated ("Class Plaintiffs"). This action was captioned *Mariluz Rosario, et al. v. Livaditis, et al.*, No. 87 C 1224 (N.D.Ill.1987) (Conlon, J.) ("Class Action").[1] The Class Action sought relief based upon Debtors' alleged violations of the Racketeer Influenced and Corrupt Organization Act ("RICO")[2] and the Illinois Consumer Fraud and Deceptive Business Practices Act.[3]

Class Plaintiffs sued on behalf of a Class of all persons (a) who executed a contract with Debtor and/or the schools for a course of study in cosmetology and hair dressing that purported to prepare the student for a career as a registered cosmetologist; (b) who attended one of the schools operated by Debtor and/or the schools subsequent to February 11, 1983; and (c) for whom Defendants obtained full or partial payment from federal grant programs and/or state guaranteed student loan programs. The class consists of at least 1,000 members.

On October 3, 1988, the District Court certified the asserted Class pursuant to Rule 23 (the "District Court Order"). Pursuant to Rule 23(c)(2), individual members of the class were notified by first class mail of the class certification ("Notice"). The Notice advised members of their rights and duties with regard to the Class Action, including the right to opt-out of the class.

Following Jury trial before the District Court, on August 25, 1989, judgment was entered for plaintiffs against debtor and other defendants in the amount of $640,422 under the Illinois Consumer Fraud Act. Judgment was also entered for plaintiffs in two RICO Counts, but no damages were awarded. On February 20, 1990 the District Court awarded Class Plaintiffs their attorneys' fees under 18 U.S.C. § 1964(c) in the amount of $271,711.80. Interest having accrued on the amount of the judgment pursuant to Ill.Rev.Stat. ch. 110, § 2–1303, as of the petition date Defendants were indebted to Class Plaintiffs in the total amount of $970,107.57 (the "judgment").

Defendants have appealed the judgment. One of the issues on appeal concerns the District Court's certification of the plaintiff class.

On May 10, 1990, Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code, Title 11 U.S.C. ("Code"). Debtor currently is in possession of his assets and is managing his affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Code. Debtor is currently employed by Paris Beauty School, Inc.

On July 24, 1990, the same twelve persons filed the present Motion as Class Plaintiffs. Class Plaintiffs have moved for certification as a class in order to file their class proof of claim for the amount of the judgment. Class Plaintiffs also have moved for certification as a class in order to file an Adversary Complaint to deter-

---

1. Class Plaintiffs' counsel was, and continues to be with regard to the Class Action, the Legal Assistance Foundation of Chicago, a not-for-profit legal service organization. The law firm of Robins, Kaplan, Miller & Cresi represents Class Plaintiffs *pro bono* in the bankruptcy proceeding.

2. 18 U.S.C. § 1961. *et seq.*

3. Ill.Rev.Stat. ch. 121½ § 261 *et seq.* (the "Consumer Fraud Act").

mine whether the judgment is non-dischargeable due to Debtor's alleged fraudulent conduct.

## DISCUSSION

### A. JURISDICTION

United States District Courts have subject matter jurisdiction over cases arising under, arising in, or related to proceedings under Title 11. 28 U.S.C. § 1334(a), (b). Each District Court is authorized to refer such proceedings to the bankruptcy judges for the District. 28 U.S.C. § 157(a). The United States District Court for the Northern District of Illinois has made such a referral pursuant to Local Rule 2.33.

■■■ In a core proceeding that arises in or under Title 11, a bankruptcy judge is empowered to hear and determine the proceeding and issue final orders and judgments. 28 U.S.C. § 157(a). Class Plaintiffs' Motion for class certification to file a class proof of claim is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B). Class Plaintiffs' Motion for class certification to file an adversary complaint challenging dischargeability is a core proceeding pursuant to § 157(b)(2)(J)

### B. CERTIFICATION OF CLASS FOR PURPOSES OF FILING CLASS PROOF OF CLAIM

#### 1. *Collateral Estoppel Effect of the District Court Order*

Class Plaintiffs seek certification of the class for purposes of filing a class proof of claim in the amount of the $970,107.57 judgment. The District Court has already determined the propriety of allowing Class Plaintiffs to proceed as a class, and final judgment was entered in favor of the class.

The doctrine of collateral estoppel therefore precludes Debtor from relitigating that issue, even though the judgment is now on appeal.

■■■ The doctrine of collateral estoppel is designed to conserve judicial resources and to promote judicial economy. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987). In order for a judgment to be given collateral estoppel effect in a later proceeding, four requirements must be satisfied: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated to final judgment; (3) the determination must have been essential to the final judgment; and, (4) the party against whom estoppel is invoked must have been fully represented in the prior action. *Id.*

■■■ First, the issue of whether Class Plaintiffs should proceed as a class is precisely the same issue as was decided by the District Court. In determining whether Class Plaintiffs may file a proof of claim as a class pursuant to Rule 23, this Court must look to the same factors which the District Court examined in determining whether Class Plaintiffs could proceed as a class in the Class Action. Specifically, the District Court determined that Class Plaintiffs had satisfied the requirements of Fed. R.Civ.P. Rule 23[4] with regard to their RICO and consumer fraud claims. Similarly, this Court would also have to determine whether Class Plaintiffs satisfy the requirements of Rule 23 with regard to the RICO and consumer fraud claims, since Class Plaintiffs seek to file a proof of claim on the basis of those claims.

As to the remaining elements of collateral estoppel, it is undisputed that the issue of class certification was actually litigated

---

**4.** Fed.R.Civ.P. Rule 23(a) provides the following prerequisites to a class action:

    (1) the class is so numerous that joinder is impracticable;
    (2) there are questions of law or fact common to the class;
    (3) the claims or defenses of the representative parties are typical of those of the class; and,
    (4) the representative parties will adequately protect the interests of the class.

Rule 23(b) provides that an action may be maintained as a class action if the prerequisites of Rule 23(a) are satisfied, and in addition one of three other requirements are met, such as:

    (3) the questions of law or fact common to members of the class predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3).

by Debtor and Class Plaintiffs in the District Court, and that Debtor and the schools were fully represented by counsel in the Class Action. Further, the District Court's decision to certify the class was essential to resolution of the Class Action. Class Plaintiffs sought relief on behalf of the class and such relief was granted.

■ In addition, although the District Court Order certifying the class is currently on appeal, the Order is still final for purposes of collateral estoppel and *res judicata*. It is well-established that the pendency of an appeal does not suspend the operation of an otherwise final judgment as *res judicata* or collateral estoppel, "unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo." 1B Moore's Federal Practice ¶ 0.416[3] at 522–21; *see also Checker Taxi Co. v. Nat'l Prod. Workers Union*, 636 F.Supp. 201, 204–05 (N.D.Ill. 1986), citing *Restatement (Second) of Judgments* § 13 ("[t]he better view is that a judgment otherwise final remains so despite the taking of appeal unless what is called an appeal actually consists of trial de novo...."); *Jennings v. Roscrow*, 1987 WL 11341 1987 U.S.Dist. LEXIS 4174 (N.D. Ill.1987) ("[t]he well-settled federal rule is that a trial court may apply collateral estoppel even while judgment is pending on appeal"). "This is true even if the appeal is taken with a stay or supersedeas; these suspend execution of the judgment, but not its conclusiveness in other proceedings." 1B Moore's Federal Practice ¶ 0.416[3] at 522. Because the appellate court will be limited to consideration of the trial record and to affirming, reversing, vacating or modifying the judgment on review, the appeal of the District Court Order will not be a proceeding de novo. Thus, the District Court Order is entitled to collateral estoppel effect until and unless it is reversed, vacated, or modified. *See* 1B Moore ¶ 0.416[3] at 523.

Further, no possible exceptions to the rule are applicable here. It cannot be said that the District Court's determination was "avowedly tentative." *See Cohen v. Bucci*, 103 B.R. 927, 931 (N.D.Ill.1989) ("[f]inal-

ity for purposes of issue preclusion requires only that the court's determination not be avowedly tentative ... [a]ll that is required is that the court reach a definitive resolution of the issue"); *United States v. Sherman*, 912 F.2d 907, 910 (in which the court found that because the lower court had "made clear that its decision [regarding the competency of defendant to stand trial] was 'tentative'," the lower court's decision was not barred by collateral estoppel). In addition, since the District Court Order is currently on appeal, it also cannot be said that the lower court proceeding offered no opportunity for appeal. *See In re Savides*, 658 F.Supp. 1399, 1404 (N.D.Ill. 1987) (in which the court found that a probable cause determination by a magistrate on an application for a search warrant was not a final order because the government had no right to appeal if it believed the magistrate had erred in denying the warrant; "[u]nless parties are accorded the right to appeal the judgment of a judicial officer, the decision is not final and collateral estoppel ... principles do not apply"). Thus, although the District Court Order is currently on appeal, the Order is indeed final for purposes of collateral estoppel.

The four elements of collateral estoppel having been satisfied, the District Court Order must be given preclusive effect. Accordingly, Class Plaintiffs will be certified for purposes of representing the proposed Class.

### 2. Class Action Requirements are Met Even if Collateral Estoppel Did Not Apply

In addition, the Court independently finds pursuant to Rule 23 that class certification is appropriate here for purposes of filing a class proof of claim. After reviewing the facts and allegations, the Court concurs with the District Court's findings that the requirements for class certification under Fed.R.Civ.P. Rule 23 (Bankr.R. 7023) have been met.

■ Fed.R.Civ.P. 23 ("Rule 23") provides that representatives may sue on behalf of a class if (1) class members are so numerous that joinder of all members is impractica-

ble; (2) questions of law or fact are common to the class; (3) claims or defenses of the representatives are typical of those of class members; and (4) the representatives will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). Additionally, the court must find that (1) the prosecution of separate actions by individual class members would create inconsistent adjudications or impair the ability of other members to protect their interests; or (2) the opposing party has acted or refused to act on grounds generally applicable to the class; or (3) common questions of law or fact predominate. Fed.R.Civ.P. 23(b). The party seeking class certification bears the burden of demonstrating that certification is proper. *Trotter v. Klincar*, 748 F.2d 1177, 1184 (7th Cir.1984).

■ First, a proposed class must be so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a)(1). One District Court found that because a class of approximately 1,692 members is indisputably large, impracticality of joinder was established by the numbers alone. *Thillens, Inc. v. Community Currency Exchange Assoc.*, 97 F.R.D. 668, 677 (N.D.Ill. 1983). Debtor argues that the numerosity requirement is viewed differently in bankruptcy court and cites *In re Woodmoor Corp.*, 4 B.R. 186 (Bankr.D.Colo.1980) in support of his contention. However, in *Woodmoor*, because the 900 claimants had actually filed individual proofs of claim prior to their motion for class certification, it was already demonstrated to the court that individual treatment was not impossible. In contrast, Class Plaintiffs here have not filed individual proofs of claim, are Spanish-speaking, and consist of at least 1,000 members. It is still within the discretion of this Court to find that where the class is large, the numbers alone are dispositive of the impracticability of joinder. *Edmondson v. Simon*, 86 F.R.D. 375, 379 (N.D.Ill.1980).

■ The party seeking class certification must show that there is at least one question of law or fact common to the class. Fed.R.Civ.P. 23(a)(2). The District Court found that Class Plaintiffs raised one overriding common legal and evidentiary issue: whether Debtor had operated the schools in an ongoing scheme to defraud prospective students by misrepresenting almost every aspect of the professional training they would receive, and whether the operation of this scheme violated the Illinois Consumer Fraud Act and RICO. Thus, Debtor allegedly followed a common course of conduct as to all class members. Class Plaintiffs' claims thus satisfied the commonality requirement. *See Hochschuler v. G.D. Searle & Co.*, 82 F.R.D. 339, 343–42 (N.D. Ill.1978) (in which the court found allegations of a common scheme of nondisclosure to purchasers of stock to have met the commonality requirement).

■ In order to certify a class, the claims of the representative plaintiffs must also be typical of claims of the class. Fed. R.Civ.P. 23(a)(3). Class Plaintiffs' claims are based on the same legal theories and arose from the same practice or course of conduct of Debtor. *See Gomez v. Illinois State Bd. of Educ.*, 117 F.R.D. 394, 400 (N.D.Ill.1987). In other words, the named representatives' claims have the same essential characteristics as claims of other class members; thus, the existence of varying fact situations among individual members of the proposed class did not preclude a finding of typicality of claims. *Franklin v. City of Chicago*, 102 F.R.D. 944, 950 (N.D.Ill.1984); *De La Fuente v. Stokely–Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir.1983).

■ Pursuant to Fed.R.Civ.P. 23(a)(4), in order to determine whether the named plaintiffs adequately represent interests of the class, a court must examine two factors: (1) whether the named representatives have any interests which are antagonistic to the interests of the class; and (2) whether counsel for named plaintiff is competent. *Allen v. Isaac*, 99 F.R.D. 45, 55 (N.D.Ill.1983). Here, the named representatives' interests appear virtually identical to those of the entire proposed class. Moreover, plaintiffs' counsel—the Legal Assistance Foundation of Chicago ("LAF") and their *pro bono* bankruptcy counsel Robins, Kaplan, Miller & Ciresi—are more

than competent to prosecute the class action.

■ Plaintiffs' counsel have not been shown to have a possible conflict of interest with the class, as contended by Debtor. Debtor relies on a September 18, 1990 letter from LAF to Debtor's bankruptcy counsel, arguing that plaintiffs' counsel was more interested in pursuing its own fee award than the interests of the class. Specifically, Debtor points to the fact that although LAF proposed a compromise regarding the $640,422 judgment, LAF still demanded full payment of the $271,711.80 award of attorneys' fees. However, the September 18, 1990 letter merely addressed both components of the Class Plaintiffs' judgment, which consisted both of the August 25, 1989 award of damages to Class Plaintiffs and a separate February 20, 1990 award to Class Plaintiffs for their attorneys' fees. The September 18, 1990 letter reflected proper settlement negotiations over the amounts demanded for Class Plaintiffs on each of those awards.

■ Debtor also argues that because plaintiffs' counsel was awarded fees in connection with the District Court litigation, plaintiffs' counsel and Class Plaintiffs are now competing creditors of Debtor. However, it was Class Plaintiffs, not their counsel, who were awarded attorneys' fees by the District Court. Because LAF is not a direct creditor of Debtor, any claim for attorneys' fees derives from the fee award to Class Plaintiffs'.

LAF is highly qualified to do class action work in Federal courts. In addition, Class Plaintiffs' *pro bono* bankruptcy counsel, the law firm of Robins, Kaplan, Miller & Cresi, is experienced in representing creditor interests in Chapter 11 proceedings. Thus, the named representatives and their counsel adequately represent the interests of Class Plaintiffs as a class.

■ In addition to the prerequisites of Rule 23(a), a class action must satisfy at least one of the requirements of Rule 23(b). Class Plaintiffs have satisfied Rule 23(b)(3); common questions of law and fact predominate over questions affecting only individu-

al members. Although Debtors' asserted misrepresentations were communicated by various means, those communications still raised common questions of law and fact as part of the same scheme found by the jury to defraud class members. *See In re Energy Systems Equipment Leasing Securities Litigation,* 642 F.Supp. 718, 751–52 (E.D.N.Y.1986) (in which the court found that because litigation was "rooted in claims of misrepresentations and omissions contained in standardized materials supplied [to plaintiffs]," the predominance prerequisite was satisfied; such prerequisite "requires merely that common issues provide the dominant core of a case ... questions of individual reliance can be deferred until after the Court disposes of the question common to each of the classes"). Moreover, the common claim of all class members now arises under the same District Court judgment, an undisputable and in this case dispositive element of commonality.

■ Finally, as required by Rule 23(b)(3), the proposed class treatment is clearly the superior method for resolving the claims of over 1,000 persons who do not have the financial resources to maintain individual lawsuits. *See* Fed.R.Civ.P. 23(b)(3) (the court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy"). Such conclusion is especially appropriate since Class Plaintiffs are Spanish-speaking, and have come to rely on class representatives to assert their interests with regard to Debtor. *See Tenants Assoc. v. Hud,* 97 F.R.D. 726, 731 (N.D.Ill.1983), citing *Goldman v. First Nat'l. Bank,* 532 F.2d 10 (7th Cir.1976), *cert denied,* 429 U.S. 870, 97 S.Ct. 183, 50 L.Ed.2d 150 (1976) (in which the court observed that class actions could be superior to individual suits because of "the inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually").

Thus, this Court concurs with the District Court's findings and independently concludes that Class Plaintiffs have met

the requirements for class certification under Fed.R.Civ.P. 23 (and therefore Bankr.R. 7023) for purposes of filing a class proof of claim.

## C. CLASS PROOF OF CLAIM

This Court has accorded the District Court Order preclusive effect, and has also found that Class Plaintiffs qualify under Rule 23 Fed.R.Civ.P. and Bankr.R. 7023 to be certified as a class for purposes of filing a proof of claim. However, a separate analysis must consider whether the proposed class proof of claim is appropriate.

■■ Circuit Courts of Appeal have divided as to whether bankruptcy rules permit the filing of a class proof of claim. However, more recent decisions have followed reasoning of the Seventh Circuit in *In re American Reserve*, 840 F.2d 487 (7th Cir.1988) which held that class proofs of claim are indeed permissible. *See Reid v. White Motor Co.*, 886 F.2d 1462, 1463 (6th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1809, 108 L.Ed.2d 939 (1990) ("... the more equitable resolution was recently enunciated ... in ... *American Reserve* ...."); *In re Charter*, 876 F.2d 866, 869 (11th Cir.1989) ("... we find the reasoning of *American Reserve* to be more persuasive [than that of *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987), in which the court found class proofs of claim to be impermissible]...."); *In re Zenith*, 104 B.R. 659, 662 (D.N.J. 1989) (in which the court found class proofs of claim to be permissible); *In re Great Western Cities*, 107 B.R. 116, 118–19 n. 9 (N.D.Tex.1989) (in which the court cited to *Reid, American Reserve,* and *Charter* in support for its holding allowing class proofs of claim).

Debtor cites to *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625 (10th Cir.1987) as authority for his position that class proofs are impermissible under current bankruptcy rules. However the reasoning of more recent decisions on this issue is more persuasive. Moreover, this Court is of course bound to follow reasoning of the Seventh Circuit as it addressed the issue in *American Reserve.*

In *American Reserve*, claimants were insurance policyholders of the debtor who claimed that debtor had defrauded its policyholders by issuing policies against reserves it knew to be insufficient. *American Reserve*, 840 F.2d at 488. Claimants filed a proof of claim on behalf of themselves and all similarly defrauded policyholders. *Id.*

The *American Reserve* court first addressed the issue of class proofs of claim by referring to the relevant bankruptcy rules. The court noted that Bankruptcy Rule 7023 expressly provides for the application of Rule 23 to adversary proceedings. *Id.* at 488. The court further explained that because Bankruptcy Rule 9014 permits the bankruptcy court to apply "at any stage ... one or more of the other rules of Part VII," which would include Rule 7023, Rule 9014 thus allows bankruptcy judges to apply Rule 23, which allows class actions, to the "stage" of filing a proof of claim. *Id.*

The court also observed that § 501 of the Code does not provide an exclusive list of persons who may file a proof of claim on behalf of a creditor.[5] *Id.* at 492. Neither the Code nor the legislative history suggests that the list was to be exclusive, and § 501 itself fails to identify the most common filing of all, namely by an agent on behalf of a principal. *Id.* at 493. More importantly, to disallow a class proof of claim would largely prohibit the use of class actions altogether, which result clearly was not intended when Rules 7023 and 9014 were enacted. *Id.*

■■ Having determined that class proofs of claim are permissible under bankruptcy rules, the court in *American Reserve* found that filing of a class proof of claim would be allowed where benefits of the class device in a bankruptcy proceeding outweighed the costs and any detrimental

---

5. Section 501 of the Code authorizes the filing of a proof of claim by an agent where the filing is by; (1) an indenture trustee on behalf of a bondholder; (2) a co-debtor or guarantor on behalf of a creditor; and, (3) the debtor on behalf of a creditor. 11 U.S.C. § 501.

results. On the benefit side, the following factors should be considered: (1) efficiency of a class proof of claim; (2) compensation to the injured parties; and, (3) deterrence of future wrongdoing by the debtor. *See Id.* at 489. "Procedurally, the class action concentrates litigation in a single forum, where it may be resolved more readily than a series of suits could be". *Id.* at 489 ("[t]he compensatory function is as important inside bankruptcy as outside"); *Id.* at 489 ("the device [of the class action] still serves a deterrent function by ensuring that wrongdoers bear the costs of their activities").

With respect to evaluating efficiency of the class device, Class Plaintiffs have already been awarded judgment after the requested class was certified. Accordingly, this Court will not be faced with the burdens of hearing a complex contested claim, or maintaining a difficult class action. In *American Reserve*, the court noted that class actions often entail complex problems regarding commonality of claims and adequate representation. *Id.* at 490. However, these issues have already been addressed by the District Court in its Order, and again by this Court. The Circuit Court also noted that class actions involve procedural complications regarding notice and opt-out. Those procedures have already been followed in the District Court, but new notice must be sent to members regarding class certification in the bankruptcy proceeding, as discussed hereinbelow. Nonetheless, Class Plaintiffs have already demonstrated in the District Court proceeding that notice and opt-out information can be given to class members in an effective and economical manner. Thus, the filing of a class proof of claim will not impede the administration of the bankruptcy case.

[17] Debtor argues that an alternative procedure would render the filing of a class proof of claim unnecessary. Debtor urges that mailing of an informational package to all Class Plaintiffs, including information regarding Debtor's bankruptcy and a proof of claim form "with instructions regarding how to complete it and file it," would be an equally efficient method. That is not so. First, as a practical matter, the preparation, filing, and processing of one proof of claim clearly is more efficient than the compilation and sending of more than 1,000 informational packages, and the filing and processing of 1,000 proofs of claim. Second, if the experience of this Court is any guide, hundreds of the claimants will likely not return their claim forms due to lack of understanding, thus enabling Debtor to escape a major part of his liability due to the inexperience of those who the District Court and jury found to be his victims. Third, Class Plaintiffs have already became accustomed to proceeding as a class through their representatives in the District Court proceeding; as a result they have come to rely upon class representatives to assert their interests with respect to Debtor. There is no reason to doubt that Class Plaintiffs will continue to be ably served through these representatives in light of results obtained in the District Court case. Further, because many Class Plaintiffs are Spanish-speaking, written instructions regarding the filing of individual proofs of claim may be ineffective or confusing. Moreover, even in a class claim situation, some appropriate notice must be given to the class as discussed below, so those who wish to object may do so. Thus, the filing of a single class proof of claim is clearly the most efficient method for Class Plaintiffs to preserve and pursue their claims against Debtor.[6]

6. Debtor also argues that a class proof of claim may hamper administration of the estate because a distribution to the class could result in undistributed funds due to failure of some class members to identify themselves or because they cannot be found so as to be paid. Debtor argues that such funds would have to be returned to the estate, thereby necessitating a second distribution to the estate's other creditors. Second distributions are not uncommon in bank-

ruptcy proceedings and are not indicative of inefficient administration. Furthermore, Debtor is incorrect in his assumptions. Any distribution to the class will be divided among identified class members; no funds will remain which can be returned to the estate. As Class Plaintiffs note, distribution among class members does not affect Debtor's liability to the class. The amount of distribution is not dependent upon how many class members will be

The foregoing reasoning also supports a finding that the filing of a class proof of claim is the best method for insuring compensation to aggrieved parties. *See Id.* at 489 ("[a]t least in principle the class action provides compensation that cannot be achieved in any other way"). The *American Reserve* court observed that holders of claims with uncertain value "may not recognize their entitlement to file unless some champion appears." *Id.* Due to their reliance upon class representatives in the District Court proceeding, Class Plaintiffs may well be unlikely to act upon their claims by filing proofs of claim, in the absence of the class device. In addition, the *American Reserve* court observed that "the effort needed to decide whether to pursue an identified claim means that for many small claims, it is a class action or nothing." *Id.* That effort becomes far greater where, as here, many claimants are not English-speaking. In the real world, many small claimants simply are not aware of the full scope of their rights in bankruptcy. *Zenith,* 104 B.R. at 663, fn. 3. In the experience of this Court, many claimants do not understand or respond to notices they receive. Thus, filing a class proof of claim is the best method of insuring that Class Plaintiffs are eventually compensated. As observed by the opinion in *American Reserve,*

> Suits for larger stakes based on sound legal theories may hold out substantial prospects of compensation ... without unduly complicating or delaying the case. Our benchmark—that bankruptcy courts exist to marshal assets and make awards justified by non-bankruptcy entitlements—calls for employing the class device in such cases. *Id.* at 492.

Finally, the *American Reserve* court commented that because the class action makes it more likely that the small claimant will be represented, the class device "serves a deterrent function by ensuring that wrongdoers bear the costs of their activities." *Id.* at 489. Although that court did observe that deterrent effect of the class device "is less likely in bankrupt-

cy," the deterrent effect of the class device is much more evident here than it was in *American Reserve.* As Class Plaintiffs duly note, because the debtor here is an individual rather than a corporate entity as in *American Reserve,* Debtor is more likely to be deterred from engaging in future wrongdoing. This factor is particularly relevant since Debtor is presently engaged in employment at another beauty school, Paris Beauty School, Inc.

Thus, the benefits of Class Plaintiffs filing a class proof of claim far outweigh any costs or burdens that might be associated with it. The Court therefore finds that Class Plaintiffs, may file a proof of claim on behalf of the class.

### D.  CLASS NOTICE

[18] The Notice previously provided to class members in the District Court is insufficient for purposes of the bankruptcy proceeding. Rule 23(c)(2) (Bankr.Rule 7023) requires that members of the class be notified promptly of the class action so that those members who are not interested in recovery can opt out and be removed from the class. Fed.R.Civ.P. 23(c)(2). Class Plaintiffs' individual interests with respect to the class proof of claim and the bankruptcy proceeding in general, could possibly be different from what their interests were with respect to the District Court litigation, though it seems unlikely. In order to protect interests of class members in the bankruptcy proceeding, notice of the order allowing class certification in bankruptcy and of the filing of a class proof of claim must be given to all members of the class pursuant to Rule 23(c)(2) (Bankr.Rule 7023), with opt-out option offered. Movant will be given a date to propose such notice and procedures to be followed in connection therewith.

### E.  CLASS CERTIFICATION FOR PURPOSES OF FILING CLASS ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY

Class Plaintiffs also seek class certification in order to file a class Adversary com-

---

identified as recipients of the distribution, though the Class Plaintiffs will be under a heavy

duty to find as many as possible.

plaint to determine dischargeability of the debt owed them by Debtor. Class Plaintiffs further seek leave to file the Adversary Complaint.

Class Plaintiffs do not need permission from this Court to file their Adversary Complaint, and accordingly may choose to do so. However, the Court denies Class Plaintiffs' request for class certification in such suit as being premature since the Adversary proceeding has not yet been filed.

Bankruptcy Rule 7001 provides that a proceeding to determine dischargeability of a debt is an adversary proceeding. Bankr. Rule 7001. Bankruptcy Rule 7023 provides that Rule 23 Fed.R.Civ.P. shall apply in Adversary proceedings. Bankr.Rule 7023. As noted by Debtor, Rule 23(c)(2) provides that "[a]s soon as practicable *after* the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." Rule 23(c)(2) (emphasis supplied). Debtor further notes that Rule 3 of Fed.R.Civ.P., which applies in Adversary proceedings according to Bankruptcy Rule 7003, states that a "civil action is commenced by filing of a complaint with the court." Rule 3. Thus, until Class Plaintiffs file their Adversary Complaint, the Court cannot reach the issue of whether a class can be certified for purposes of maintaining an Adversary proceeding to determine dischargeability.

It can be observed, however, that the District Court's reasons for certification of the class in the RICO and state fraud action do not necessarily support certification of the class in a non-dischargeability suit. One of the elements of non-dischargeability is that creditor must show he actually relied upon debtor's false representation. *See* 11 U.S.C. § 523(a)(2)(A); *First Nat'l Bank of Red Bud v. Kimzey*, 761 F.2d 421, 423 (7th Cir.1985). In addition, some courts have found § 523 of the Code to preclude class action dischargeability proceedings in bankruptcy. *See Sweet v. Hanson*, 104 B.R. 261, 262 (Bankr.C.D. Cal.1989); *Moore v. Ross*, 37 B.R. 656, 657 (Bankr.App. 9th Cir.1984). Other courts have taken the opposite view. However, in support of the latter view, Class Plaintiffs have thus far cited primarily to cases involving the special circumstances of a state seeking non-discharge of a debt on behalf of its citizens. *See In re Sclater*, 40 B.R. 594 (Bankr.E.D.Mich.1984); *In re DeFelice*, 77 B.R. 376 (Bankr.D.Conn.1987). These and other issues must be addressed once the Adversary Complaint is filed and a motion for class certification is presented.

## CONCLUSION

Accordingly, Class Plaintiffs' Motion for certification of the class for purposes of filing a class proof of claim is allowed. Class Plaintiffs' Motion to file a class proof of claim in the amount of $970,107.57 is also allowed. Notice of the class certification and filing of class proof of claim must be given to all members of the class. Furthermore, Class Plaintiffs may file their Adversary Complaint to determine dischargeability; however, Class Plaintiffs' Motion for certification of the class for purposes of maintaining the Adversary proceeding is stricken as premature. The Court will reach the issue of class certification with regard to the Adversary Complaint after that Complaint is filed.