**William HOOVER, Plaintiff,**

v.

**PRUDENTIAL SECURITIES, INC., Defendant.**

**No. C–3–01–331.**

United States District Court, S.D. Ohio, Western Division.

Aug. 6, 2003.

David Gerard Torchia, Tobias & Kraus, Cincinnati, OH, for Plaintiff.

Jeffrey Scott Shoskin, Robert J. Reid, Dinsmore & Shohl, Cincinnati, OH, John R. Seewald, Marvin M. Goldstein, Proskauer Rose LLP, Newark, NJ, Sarah A. Mindes, Proskaure Rose LLP, Boca Raton, FL, for Defendant.

## DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO ENJOIN ARBITRATION (DOC. # 35)

RICE, Chief Judge.

The Plaintiff, formerly employed by the Defendant, brings this litigation, seeking compensation for the losses he contends he suffered during his tenure with the Defendant and as a result of the termination of his employment. With the Fourth Claim for Relief in his Amended Complaint (Doc. # 15), the Plaintiff set forth a claim of fraudulent inducement, alleging that the Defendant fraudulently induced him to enter into an employment contract by promising him full secretarial support, continuous education and training and an expense account. In its Decision of February 20, 2002, this Court concluded that the Defendant was entitled to partial summary judgment on the Plaintiff's fraudulent inducement claim. *See* Doc. # 18.

At about the same time he initiated this litigation, Plaintiff filed a Statement of Claim with the New York Stock Exchange ("NYSE"), seeking to arbitrate various issues concerning his employment with the Defendant, including his fraudulent inducement and promissory estoppel claims. After this Court had entered partial summary judgment in favor of the Defendant on the Plaintiff's fraudulent inducement claim, the Defendant wrote to Plaintiff, arguing that he should dismiss the fraudulent inducement and promissory estoppel claims from his Statement of Claim filed with the NYSE. Although the Plaintiff did dismiss the fraudulent inducement claim, he has declined to dismiss his claim based upon promissory estoppel. As a consequence, the Defendant has filed a motion, requesting that the Court exercise the authority granted by the All Writs Act, 28 U.S.C. § 1651, and enjoin the Plaintiff from pursuing that claim before the NYSE. *See* Doc. # 35. For reasons which follow, the Court declines to enter the requested injunction.

According to the Defendant, arbitration of Plaintiff's promissory estoppel claim is barred by the collateral estoppel effect of this Court's February 20th Decision, granting partial summary judgment on Plaintiff's fraudulent inducement claim. The Defendant argues that the All Writs Act authorizes this Court to enjoin the Plaintiff from arbitrating his promissory estoppel claim before the NYSE. For present purposes, this Court accepts that it has

such authority. *Cf. In re Dublin Securities*, 133 F.3d 377 (6th Cir.1997) (affirming the District Court's issuance of an injunction pursuant to the All Writs Act, enjoining plaintiff from pursuing claims in state court which the District Court had previously dismissed). In addition, the Court will accept Defendant's argument that the authority granted by the All Writs Act trumps the statement by the Sixth Circuit in *Aircraft Braking System Corp. v. Local 856, Int'l Union, United Automobile, Aerospace and Agricultural Implement Workers*, 97 F.3d 155, 159 (6th Cir.1996), that arbitrators "generally are entitled to determine in the first instance whether to give [a] prior judicial determination preclusive effect."[1] However, for reasons which follow, the Court concludes that the Defendant has failed to demonstrate that the arbitration of the Plaintiff's promissory estoppel claim is barred by the collateral estoppel effect of this Court's previous Decision granting partial summary judgment on Plaintiff's fraudulent inducement claim. Therefore, the Court rejects Defendant's request that it enjoin the arbitration of the Plaintiff's promissory estoppel claim on the basis that it is barred by the collateral estoppel effect of the February 20th Decision.

In *Smith v. SEC*, 129 F.3d 356 (6th Cir.1997) (*en banc*), the Sixth Circuit restated the elements that are to be applied to determine whether a federal court decision is to be given collateral estoppel effect:[2]

(1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.* at 362. For reasons which follow, the Court concludes that the Defendant has failed to establish the third element of collateral estoppel. Therefore, it denies the request for injunctive relief, without deciding whether the Defendant has established the other elements.

As is indicated, the third element of collateral estoppel, identified by the Sixth Circuit in *Smith*, requires that the Court decide whether its February 20th Decision resulted in a final judgment on the merits. In that Decision, this Court granted partial summary judgment in favor of Defendant on Plaintiff's Fourth Claim for Relief.[3] However, the Plaintiff's other claims were not resolved at that time and, indeed, have yet to be resolved. Whether a decision

---

1. It bears noting that, in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002), the Supreme Court stressed that courts have limited authority to prevent arbitrations. Therein, the Supreme Court held that the question of whether the demand for arbitration was timely is a procedural question for the arbitrator to decide, rather than being a question of arbitrability for a court to resolve. When a court is asked to decide a question of arbitrability, it must determine whether the parties have agreed to submit a particular dispute to arbitration. *Id. See also, Eisenmann Corp. v. Sheet Metal Workers International Union*, 323 F.3d 375, 381 (6th Cir.2003). Unquestionably, whether the Plaintiff's claim of promissory estoppel before the NYSE is barred by collateral estoppel is a procedural question; however, *Howsam* did not involve a request to enjoin an arbitration under the All Writs Act.

2. The collateral estoppel effect of a federal court decision is to be determined in accordance with federal law. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 213–14 (6th Cir.1996).

3. At the same time, the Court also dismissed an aspect of the Plaintiff's First Claim for Relief.

which disposes of some, but not all, claims will result in the entry of final judgment is to be determined in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, which provides:

(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Herein, the Court did not make the express determination that there is no just reason for delay or expressly direct that judgment be entered. Therefore, this Court's decision to grant partial summary judgment was an interlocutory order that is subject to revision at any time prior to the entry of final judgment, which has yet to enter.

Courts of Appeal have held that granting a partial summary judgment in a prior action is not a final judgment for purposes of collateral estoppel. For instance, in *Vardon Golf Co., Inc. v. Karsten Manufacturing Corp.*, 294 F.3d 1330 (Fed.Cir.2002),

the plaintiff brought suit on a reissue patent. The District Court dismissed the lawsuit on the basis of collateral estoppel, concluding that the entry of partial summary judgment in another action, that certain claims of the original patent were not infringed, collaterally estopped the plaintiff from maintaining the second action. Upon appeal, the Federal Circuit reversed, concluding that the grant of partial summary judgment in the earlier suit was not final for purposes of collateral estoppel. In *St. Paul Fire & Marine Ins. Co. v. F.H.*, 55 F.3d 1420 (9th Cir.1995), the plaintiff brought an action, seeking a declaratory judgment that it was not obligated to provide insurance coverage to the executive director of Big Brothers and Big Sisters of Alaska ("BB/BS") who had sexually abused one of the defendants, because his actions in that regard were outside the scope of his employment and, thus, not covered by the policy. That litigation had been preceded by the defendants' lawsuit in Alaska Superior Court against the executive director and BB/BS. In reversing the award of summary judgment in favor of the plaintiff, the Ninth Circuit rejected the plaintiff's argument that the collateral estoppel effect of the decision of the Alaska Superior Court to grant partial summary judgment, on the issue of whether the executive director had been acting outside the scope of his employment when he sexually abused the defendant,[4] prevented the defendants from arguing to the contrary in the subsequent action and recovering under the policy. Rather, the Ninth Circuit concluded that the grant of partial summary judgment by the Alaska Superior Court had no collateral estoppel effect because it was not a final judgment for purposes of collateral estoppel. *See also, Avondale Shipyards, Inc. v. Insured*

---

**4.** The Alaska Superior Court held that the executive director was acting outside the scope of his employment.

*Lloyd's,* 786 F.2d 1265 (5th Cir.1986) (holding that entry of partial summary judgment in earlier action was not final judgment for purposes of collateral estoppel in a subsequent action). This Court finds those decisions to be persuasive and will follow same.[5] Accordingly, this Court concludes that its February 20th Decision is not final for purposes of collateral estoppel.

In sum, the Defendant argues that the Court should enjoin the Plaintiff from arbitrating his promissory estoppel claim, because that claim is barred by the collateral estoppel effect of this Court's previous February 20th Decision. Based upon the foregoing, this Court is unable to agree with Defendant's basic premise that the collateral estoppel effect of this Court's previous February 20th Decision precludes the Plaintiff from arbitrating the promissory estoppel claim. Accordingly, the Court overrules the Defendant's Motion to Enjoin Arbitration (Doc. # 35).

---

5. Research has failed to locate any decision by the Sixth Circuit addressing the issue of whether a decision to grant a partial summary judgment, which has not been made final pursuant to Rule 54(b), is a final judgment for purposes of collateral estoppel.