AVENTIS PHARMA S.A. and AVENTIS PHARMACEUTICALS INC.,
Plaintiffs,

v.

AMPHASTAR PHARMACEUTICALS, INC. and TEVA PHARMACEUTICALS USA, INC., Defendants.

Nos. EDCV03–887 RT(SGLX), EDCV04–333 RT (SGLX).

United States District Court, C.D. California, Eastern Division.

July 25, 2005.

Richard J. Smith, Finnegan Henderson Farabow Garrett & Dunner, Palo Alto, CA, John D. Livingston, Finnegan Henderson Farabow Garrett & Dunner LLP, Atlanta, GA, for Plaintiffs.

Nicole A. Varner, Stradling Yocca Carlson & Rauth, Newport Beach, CA, Edith Ramirez, Eugene T. Chen, Quinn Emanuel Urquhart Oliver & Hedges, Los Angeles, CA, Francis C. Lynch, John T. Bennett, Kenneth W. Salinger, Laurie S. Gill, Palmer & Dodge, Boston, MA, for Defendants.

Allen M. Sokal, Donald R. Dunner, Esther H. Lim, Geoffrey C. Mason, Michael J. McCabe, II, Finnegan Henderson Farabow Garrett & Dunner, Washington, DC, Anthony G. Brazil, Donald L. Ridge, Megan S. Wynne, Morris Polich & Purdy, Los Angeles, CA, for Plaintiffs and Counter–Defendants.

Jan P. Weir, Jennifer A. Trusso, Steven M. Hanle, Stradling Yocca Carlson & Rauth, Newport Beach, CA, Lee J. Papageorge, Quinn Emanuel Urquhart Oliver & Hedges, Los Angeles, CA, for Defendants and Counter–Claimants.

ORDER GRANTING PLAINTIFFS AVENTIS PHARMA S.A. AND AVENTIS PHARMACEUTICALS INC.'S MOTION TO SUBSTITUTE UNITED STATES REISSUE PATENT NO. RE 38, 743 FOR UNITED STATES PATENT NO. 5,389,618.

TIMLIN, District Judge.

The court, Judge Robert J. Timlin, has read and considered plaintiffs Aventis Pharma S.A. and Aventis Pharmaceuticals Inc. (collectively, "Aventis")' motion to substitute United States Reissue Patent No. RE 38,743 ("'743 reissue patent") for United States Patent No. 5,389,618 ("'618

patent"),[1] defendants Amphastar Pharmaceuticals, Inc. ("Amphastar") and Teva Pharmaceuticals USA, Inc. ("Teva") (collectively, "Defendants")' oppositions, and Aventis' reply. The court has also read and considered Defendants' responses to Aventis' reply as directed by the court in its July 5, 2005 Order Directing Response.

The court has also read and considered the joint statement of the parties' positions *re* the proposed judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b) and stayed matters, Aventis' objections to Amphastar's portion of the joint statement, Amphastar's response to Aventis' objections, and Aventis' "further objections to Amphastar's false and misleading comments to the court," in Amphastar's response to Aventis' objection.

Based on such consideration, the court concludes as follows:

# I.

## BACKGROUND

Aventis is a pharmaceutical company that manufactures Lovenox. Lovenox is a blood thinner that inhibits the formation of certain venous blood clots called thromboses. Lovenox is derived from heparin. Heparin is a mixture of long polysaccharide molecules obtained from the internal organs of animals such as pigs and cattle. Through a chemical process, heparin's longer molecules can be broken down into shorter molecules. A group of these shorter molecules are called low molecular weight heparins ("LMWHs"). The '618 patent covers a range of defined LMWHs, including Lovenox, and their administration to patients who are susceptible to blood clots.

Aventis filed an action in this court against Defendants for infringement of

the '618 patent. Defendants disputed infringement and claimed that the '618 patent is invalid and unenforceable. On June 15, 2005, the court granted Amphastar's motion for summary judgment based on inequitable conduct ("June 15 Order"). The June 15 Order rendered the '618 patent unenforceable.

On June 14, 2005 in a parallel proceeding before the United States Patent and Trademark Office ("PTO"), the '743 Reissue Patent issued and Aventis surrendered the original '618 patent to the PTO pursuant to 35 U.S.C. § § 251 and 252. Aventis now moves the court to substitute in this action the '743 reissue patent for the '618 patent.

# II.

## ANALYSIS

■ Before the court is an anomalous situation created by parallel proceedings before this court and the PTO. On June 15, 2005, this court granted Amphastar's motion for summary judgment based on inequitable conduct, which rendered the '618 patent unenforceable. On June 14, 2005, a day before this court issued its order, Aventis surrendered the '618 patent to the PTO pursuant to reissue proceedings. Consequently, this court, held a surrendered patent unenforceable which rendered the June 15 Order technically deficient. Notwithstanding this technical deficiency, the June 15 Order implicitly rendered the '743 reissue patent unenforceable. If a "district court finds that there was inequitable conduct in the prosecution of the original patent then the reissue patent is invalid." *Hoffman–La Roche, Inc. v. Lemmon Co.,* 906 F.2d 684, 689 (Fed.Cir.1990). Aventis "acknowl-

---

1. The court notes that Aventis' motion to substitute the '743 reissue patent for the '618 patent includes a proposed Second Amended Complaint ("SAC") and proposed judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b). .

edges that the Court's holding of unenforceability of the '618 patent applies to the reissue patent."

Aventis, does however, contend that substitution of the reissue patent for the surrendered '618 patent by the filing of a proposed Second Amended Complaint ("SAC") is required under 35 U.S.C. § 252 ("Section 252") because the claims of the reissue patent are substantially identical to the claims of the '618 patent. Aventis also contends that substitution of the reissue patent is required because the court cannot enter judgment on a surrendered patent. Aventis further contends that substitution is required to avoid jurisdictional defects because Aventis cannot appeal the June 15 Order holding the claims of the '618 patent unenforceable unless the court substitutes the '743 reissue patent for the '618 patent and enters final judgment as to both patents.

Amphastar contends that Aventis' motion to "substitute" the '743 reissue patent is actually a motion for leave to amend Aventis' first amended complaint to allege infringement of the '743 reissue patent. Amphastar argues that the unenforceability of the '743 reissue patent renders such substitution futile. *See e.g., Saul v. United States,* 928 F.2d 829, 843 (9th Cir.1991) ("A district court does not err in denying leave to amend where the amendment would be futile") (citations omitted). Amphastar also argues that it will be prejudiced if the court grants Aventis' motion to substitute and allows Aventis to file the proposed SAC. Finally, Amphastar argues that such substitution will complicate the appeal.

Section 252 provides:

The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but insofar as the claims of the original and reissued patents are substantially identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.

Here, Aventis and Defendants agree that the claims of the '743 reissue patent are substantially identical to the claims of the '618 patent. Therefore, surrender of the '618 patent did not affect the instant action and the '743 reissue patent constitutes a continuation of the '618 patent. *See* 28 U.S.C. § 252. Likewise, Aventis and Defendants agree that the inequitable conduct in the prosecution of the '618 patent invalidates the '743 reissue patent. *See Hoffman–La Roche, Inc.,* 906 F.2d at 689.

Because all parties acknowledge the substantive effect of the June 15 Order, the question before the court is primarily procedural. Aventis and Teva have jointly proposed one option. Amphastar has proposed another option. Aventis' and Teva's option is the court granting Aventis' motion to substitute the '743 reissue patent for the '618 patent, filing the SAC to establish such a substitution in the pleadings, and to enter judgment pursuant to Rule 54(b) as to the '743 reissue patent and the '618 patent. Amphastar's option is to deny Aventis' motion to substitute the '743 reissue patent for the '618 patent, not allow Aventis to file the SAC, and to enter judgment only as to the '618 patent.

First, the text of Section 252 favors Aventis' position. Section 252 states that "[t]he surrender of the original patent *shall* take effect upon the issue of the reissued patent." (emphasis added). The

reissue patent issued on June 14, 2005 and Aventis surrendered the '618 patent that same day. This language indicates that substitution of the '743 reissue patent for the '618 patent is mandatory.

Second, in *Vardon Golf Co. v. Karsten Mfg. Corp.,* 294 F.3d 1330, 1334 (Fed.Cir. 2002), the Federal Circuit Court of Appeals ("Federal Circuit") stated in dicta that surrender of a patent renders an order granting a partial motion for summary judgment moot, "and therefore unappealable, when [the patent owner] surrendered the [ ] patent." *Id.* at 1334. This language indicates that Aventis' surrendering of the '618 patent may render the June 15 Order moot, and therefore unappealable, unless the court grant's Aventis' motion to substitute the '743 reissue patent for the '618 patent and enters judgment against both the '743 reissue patent and the '618 patent. Entry of judgment against both patents would therefore overcome any potential jurisdictional deficiency due to mootness.

Third, *Hoffman–La Roche, Inc.,* 906 F.2d at 689, also indicates that it is appropriate to enter judgment against both the '743 reissue patent and the '618 patent. The Federal Circuit wrote, "if the district court finds that there was inequitable conduct in the prosecution of the original patent then *the reissue patent is invalid and an appropriate judgment should be entered.*" (emphasis added). The "appropriate judgment should be entered" language indicates that the judgment applies to the reissue patent because the original patent was surrendered by way of the reissue and it would be purposeless to enter judgment of enforceability against a surrendered patent. Accordingly, this language favors Aventis' position to grant its motion to substitute the '743 reissue patent and to

enter judgment as to both the '618 patent and the '743 reissue patent.

Fourth, the timing of the issuance of the '743 reissue patent vis-a-vis this court's June 15 Order favors substitution. This court issued its June 15 Order one day after Aventis surrendered the '618 patent and the '743 reissue became the operative patent. This sequence resulted in this court's June 15 Order holding a nonexistent patent unenforceable. By granting Aventis' motion to substitute the '743 reissue patent for the '618 patent, the court can cure this technical deficiency because it allows the court to enter judgment as to both the '743 reissue patent and the '618 patent.

The court is not persuaded by Amphastar's contentions in opposition to substitution. While the court agrees that Aventis' amendment would be futile if the Federal Circuit affirms the June 15 Order, it would not be futile should the Federal Circuit reverse the June 15 Order. Should the Federal Circuit affirm the June 15 Order, Aventis' amendment would have no effect on the outcome of the proceedings because the parties agree that the June 15 Order is dispositive of patent related issues. Moreover, although Amphastar contends that it would be prejudiced by Aventis' amendment because it would inject new issues into the case which have not been the subject of the litigation, the court concludes such prejudice is minimal because Amphastar would not be required to answer or file other responsive pleadings unless the Federal Circuit reverses the June 15 Order.[2] Finally, Aventis' amendment would not inject new issues into the appeal of the June 15 Order because the only subject of the June 15 Order was inequitable conduct during prosecution of

**2.** Aventis stipulated that "Amphastar and Teva shall answer the [SAC] within 30 days of the issuance of an opinion by the Federal Circuit deciding the appeal" of the June 15 Order.

the '618 patent. The court finds good cause to amend its extant scheduling order to allow Aventis to file its proposed SAC to enable the substitution of the '743 reissue patent for the '618 patent in this action, and further concludes that justice requires the filing of the proposed SAC and Amphastar will not be prejudiced by such filing.

## III.

### *DISPOSITION*

ACCORDINGLY, IT IS ORDERED:

(1) Plaintiffs Aventis Pharma S.A. and Aventis Pharmaceuticals Inc. motion to substitute United States Reissue Patent No. RE 38,743 for U.S. Patent No. 5,389,618 is GRANTED;

(2) The clerk is directed to file the revised proposed Second Amended Complaint forthwith;

(3) The clerk is directed to file and enter the Final Judgment as proposed by Aventis Pharma S.A. and Aventis Pharmaceuticals Inc. pursuant to Federal Rules of Civil Procedure, Rule 54(b), as to United States Reissue Patent No. RE 38,743 and United States Patent No. 5,389,618.