NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1556

DIAHANN GRASTY,

Plaintiff-Appellant,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

Diahann Grasty, of Chester, Pennsylvania, pro se.

John M. Whealan, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for defendant-appellee.  With him on the brief were Stephen Walsh and Joseph G. Piccolo, Associate Solicitors.

Appealed from:  United States District Court for the Eastern District of Pennsylvania

Judge Lawrence F. Stengel

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1556

DIAHANN GRASTY,

Plaintiff-Appellant,

v.

UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendant-Appellee.

_____

DECIDED:  January 9, 2007

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Diahann Grasty appeals the dismissal of a complaint as barred by res judicata and/or collateral estoppel by the United Sates District Court for the Eastern District of Pennsylvania.  Because the district court correctly dismissed the complaint, we <u>affirm</u>.

## I.  BACKGROUND

Ms. Grasty filed a patent application with the United States Patent and Trademark Office ("PTO") on behalf of herself and eight co-inventors.  The patent application became abandoned, among other reasons, for failure to submit a declaration signed by all the inventors.  Ms. Grasty twice petitioned to revive the application.

However, each petition was dismissed in a non-final action which provided instructions on how to prepare a proper declaration and grantable petition.

In response, Ms. Grasty filed a complaint in the district court for the Eastern District of Pennsylvania, which dismissed the complaint under Fed. R. Civ. P. 12(b)(1), because there was no final agency action over which that court had jurisdiction, and under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted. Grasty v. U.S. Patent & Trademark Office, No. 06-CV-524, (E.D. Pa. May 10, 2006). Ms. Grasty appealed the dismissal, but her appeal was dismissed for failure to pay the docketing fee. Grasty v. Dudas, 159 Fed. Appx. 1011 (Fed. Cir. 2005). Ms. Grasty then filed a "motion for sanctions" in the district court for the Eastern District of Virginia, which transferred the case to the Eastern District of Pennsylvania. Recognizing the "motion" as a new complaint, the district court for the Eastern District of Pennsylvania dismissed the complaint based on res judicata and/or collateral estoppel. Ms. Grasty appeals the dismissal. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a).

## II. DISCUSSION

### A. Standard of Review

Although the district court dismissed for lack of jurisdiction, this court has jurisdiction to consider the correctness of that decision. See Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1580 (Fed. Cir. 1993). Because the application of res judicata or collateral estoppel is not within the exclusive jurisdiction of this court, we apply the law of the circuit in which the district court sits. Vardon Golf Co. v. Karsten Mfg. Corp., 294 F.3d 1330, 1333 (Fed. Cir. 2002). In this case, that is the Third Circuit, which

exercises plenary review over whether res judicata applies to a jurisdictional dismissal, Bromwell v. Mich. Mut. Ins. Co., 115 F.3d 208, 212 (3d. Cir. 1997), and to a district court's decision to apply collateral estoppel, Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d. Cir. 2006).

## B. Res Judicata

"It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." Ins. Corp. of Ir. v. Compagnie des Bauxite de Guinee, 456 U.S. 694, 702 n.9 (1982). Claim preclusion under the res judicata doctrine requires the party asserting the bar to show that there has been a final judgment on the merits in a prior suit involving the same parties (or their privies) and a subsequent suit based on the same cause of action. United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d. Cir. 1984) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 332, 326 n.5 (1979)). In this case, each of these conditions is met.

First, Ms. Grasty's original complaint resulted in a final judgment on the merits. As discussed above, the district court held that it lacked jurisdiction to hear the case and, therefore, dismissed the case pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Ms. Grasty appealed, and this court dismissed the appeal when Ms. Grasty failed to pay the necessary docketing fee. This failure to prosecute her claim operates as an adjudication on the merits. Landon v. Hunt, 977 F.2d 829, 833 (3d. Cir. 1992) ("[A] dismissal for failure to prosecute operates as an adjudication on the merits, and thus is a dismissal with prejudice, barring further action between the parties."); Fed. R. Civ. P. 41(b); see also Plant v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute of limitations

grounds the same way they treat a dismissal . . . for failure to prosecute: as a judgment on the merits").

Second, the parties in each action are the same. In her original suit, Ms. Grasty named the PTO, Commissioner Nicholas P. Godici, and Petitions Attorney Charles Brantley as defendants. In this suit, Ms. Grasty again named the PTO, Commissioner Godici and Petitions Attorney Brantley as defendants. In addition, Ms. Grasty also names PTO Director Jon W. Dudas as a defendant. However, the addition of Director Dudas does not prevent the application of res judicata, since the Director is in privity with his agency. Sunshine Anthracite Coal v. Adkins, 310 U.S. 381, 402-03 (1940).

Finally, Ms. Grasty's second complaint is based on the same facts as her first complaint—the abandonment and subsequent failure to revive the patent application filed by Ms. Grasty and her co-inventors.

Therefore, since there was a final judgment on the merits in Ms. Grasty's original suit, which involved the same parties (or their privies) based on the same cause of action as this suit, the district court properly dismissed Ms. Grasty's second complaint as barred by res judicata.

## C. Collateral Estoppel

Because Ms. Grasty's claim is barred by res judicata, we need not address whether collateral estoppel also applies.

## III. CONCLUSION

Because the district court correctly dismissed Ms. Grasty's complaint as barred by res judicata, the district court's decision is affirmed.